**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PROPERTY OF THE PEOPLE, INC. et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 17-1663 (APM) |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's June 11, 2018, Order, Plaintiffs Property of the People, *et al*., and Defendants United States Department of Justice and United States Postal Service hereby submit this Joint Status Report in this matter brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA").

As previously reported, the FBI has one large file of responsive documents remaining to be processed. That file concerns an active, ongoing law enforcement investigation and the FBI expects that all or substantially all of the documents within the file are protected from disclosure by Exemption 7(A), which authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Plaintiffs have requested that Defendant undertake a full review of the file to assess both the application of Exemption 7(A) and all other exemptions that may apply. *See Maydak v. U.S. Department of Justice*, 218 F.3d 760, 764-65 (D.C. Cir. 2000) (government

asserting Exemption 7(A) must assert all other exemptions at the same time).[1]  Due to the large size of the file and level of scrutiny that must be applied, the FBI expects that it will take two years to complete its review of the file.

Plaintiffs have objected to the estimated timeframe on the grounds that Defendant has not disclosed the number of pages contained within the file.  Plaintiffs would not object to the two-year time timeframe if it resulted in processing at a rate of 500 pages per month[2] or more (i.e., if the file contains 12,000 pages or more.)  On the other hand, if Defendant's representation that "the file consists of thousands of pages" means the file contains only 2,000 pages, the two-year time frame would not be reasonable.

The FBI's position is that it cannot disclose the file size without revealing protected information about the scope of the investigation.  Defendants, however, will separately file *in camera* and *ex parte* a declaration disclosing to the Court the approximate number of pages in the file so that the Court can make its own determination about the reasonableness of the estimated two-year timeframe.

The parties propose that the FBI submit status reports every 120 days providing further estimates for the time remaining for the FBI's review.  The parties further propose that the parties submit a joint status report within 14 days of the completion of the FBI's review, proposing a summary judgment briefing schedule if briefing will be necessary.  Plaintiffs further propose that

---

[1] In order to expedite the review process, Defendant was willing to, subject to the approval of the Court, bifurcate the review such that it would initially evaluate the records only for Exemption 7(A) purposes and defer the review for other exemptions pending a ruling on the applicability of Exemption 7(A).  Bifurcation would have greatly reduced the amount of time necessary to conduct the review, but Plaintiffs did not agree to bifurcation.

[2] A rate of 500 pages per month represents the FBI's standard rate of processing. *Seavey v. DOJ*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) ("Requests . . . that seek access to more than 2,500 pages are placed in the 'large' queue and are processed at a rate of 500 pages per month.")

2

the FBI make monthly releases of any responsive non-exempt documents that have been processed. The FBI's position is that any releases should occur at the conclusion of the review of the file.

|  |  |
|---|---|
| */s/ Jeffrey Light*<br>Jeffrey Light<br>D.C. Bar #485360<br>1712 Eye St., NW<br>Suite 915<br>Washington, DC 20006<br>(202) 277-6213<br>jeffrey@lawofficeofjeffreylight.com<br><br>*Attorney for Plaintiffs* | Respectfully submitted,<br><br>JESSIE K. LIU<br>D.C. BAR #472845<br>United States Attorney<br><br>DANIEL F. VAN HORN<br>D.C. BAR #924092<br>Chief, Civil Division<br><br>   /s/   <br>JOSHUA M. KOLSKY<br>D.C. BAR #993430<br>Assistant United States Attorney<br>District of Columbia<br>555 Fourth St., N.W.<br>Washington, D.C. 20530<br>Phone: (202) 252-2541<br>Fax: (202) 252-2599<br>joshua.kolsky@usdoj.gov<br><br>*Counsel for Defendants* |